(No. 74-12—

ALBERTA MATTHEWS and ROBERT MATTHEWS, Claimants, *vs.* STATE OF ILLINOIS, and ILLINOIS NATIONAL GUARD, Respondent.

*Opinion filed June 13, 1977.*

ROSENFELD, HAFRON & SHAPIRO, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimants, Alberta and Robert Matthews, bring this action for damages sustained as a result of an alleged vehicular collision between the Claimants' vehicle and a vehicle belonging to the Illinois National Guard. Claimants allege that on July 23, 1971, at 10:30 p.m., there was an accident on King Drive and 55th Street in Chicago, Illinois.

Claimant, Alberta Matthews, testified that her vehicle was struck by an army truck that failed to stop at a stop sign causing the damage complained of.

Claimant further alleges that her medical bill was in the amount of $130.00, that she lost one week of work, and that considerable damage was done to the vehicle in which she and her husband were riding.

Her husband, Robert Matthews, has died since the accident occurred and was not present at the time of the hearing.

Respondent filed a Motion to Strike and Dismiss which was denied, and the matter was heard before one of the Commissioners of the Court of Claims.

Respondent raises the issue as to whether or not a driver of a National Guard truck is performing a State function since the military vehicle involved was assigned to an Illinois National Guard unit which was performing federally funded inactive duty training pursuant to 32 U.S.C. 502.

It is incumbent upon Claimant to prove that the driver of the National Guard truck was engaged in State business rather than acting under Federal orders before the State can be held liable.

The evidence is, to say the least, sketchy in regard to any involvement by the State of Illinois. The evidence in the record indicates that the Guard unit was preparing to go to Camp McCoy, Wisconsin, where they go for a period of two weeks training every year pursuant to orders of the federal government.

The Court of Claims, in the case of *Doyle McRaven vs. State of Illinois,* 28 Ill.Ct.Cl. 5, held that when the National Guard is engaged in a Federal mission the State is not responsible.

The evidence is clear that on the night in question the armory was open in preparation for the two weeks required drill at 6:00 a.m. the next morning, and that guard members were on duty that night. It is apparent that the National Guard was engaged in active duty training under 32 U.S.C. 502.

The Court concludes that the alleged tort feasor was not an agent of the State of Illinois at the time of the accident and therefore the claim against Respondent is denied.